The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL ADVOCATES, an Oregon non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>Defendant. | No. 2:17-cv-01664-RSL<br><br>STIPULATION AND ORDER REGARDING DISCOVERY PROCEDURE |

**STIPULATION AND ORDER REGARDING DISCOVERY PROCEDURE**

WHEREAS, Rule 26(f) of the Federal Rules of Civil Procedure states that the Parties must develop a proposed discovery plan that states the Parties' views and proposals on, among other things, "any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced," Fed. R. Civ. P. 26(f)(3)(C);

WHEREAS, the Parties mutually seek to reduce the time, expense and other burdens of discovery of certain electronically stored information ("ESI"), as described further below, and to

STIPULATION AND ORDER
REGARDING DISCOVERY PROCEDURE;
No. 2:17-cv-01664-RSL

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-2741

1

better define the scope of their obligations with respect to preserving such information and materials;

WHEREAS, the Parties therefore are entering into this Stipulation with the request that the Court enter it as an Order;

NOW THEREFORE, it is hereby STIPULATED and ORDERED:

## I. DEFINITIONS

1. The terms used in this stipulation and order that are also used in the Federal Rules of Civil Procedure have the same meaning that they have under the Federal Rules, unless otherwise provided in this stipulation and order. Whenever the terms set forth below are used in this stipulation and order, the following definitions apply:

(a) "Draft," when used to describe either an electronic or hard copy document, means "a preliminary version of a document that has been shared by the author with another person (by email, print, or otherwise) or that the author no longer intends to finalize or to share with another person."

(b) "Duplicate," when used to describe either an electronic or hard copy document, means that the document does not show any facial differences, such as the inclusion of highlights, underlining, marginalia, total pages, attachments, markings, revisions, or the inclusion of tracked changes. Differences in system metadata fields, such as date created or modified, that do not affect the face of the document, are not relevant to determining whether the document is a duplicate.

(c) "Gigabyte" means one billion bytes or 1,000 megabytes.

STIPULATION AND ORDER
REGARDING DISCOVERY PROCEDURE;
No. 2:17-cv-01664-RSL

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-2741

2

(d) "Parties" means the parties to this litigation, including their employees and agents.

(e) "Policy" means a regular practice at an entity that managers know about and expect to be carried out.

## II. PRESERVATION

2. <u>ESI That Is Not Reasonably Accessible.</u> The following categories of ESI listed below are not reasonably accessible in this litigation:

(a) Data stored in a backup system for the purpose of system recovery or information restoration, including but not limited to, disaster recovery backup tapes, continuity of operations systems, and data or system mirrors or shadows, if such data are routinely deleted or written over in accordance with an established routine system maintenance practice;

(b) Voicemail messages;

(c) Instant messages, such as messages sent on AOL Instant Messenger or Microsoft Communicator;

(d) Text messages, such as cell phone to cell phone SMS messages;

(e) Electronic mail sent to or from a personal digital assistant ("PDA"), smartphone (e.g., BlackBerry, iPhone), or tablet (e.g., iPad) provided that a copy of such email is routinely saved elsewhere;

(f) Other electronic data stored on a PDA, smartphone, or tablet, such as calendar or contact data or notes, provided that a copy of such information is routinely saved elsewhere;

(g) Logs of calls made from cellular phones;

STIPULATION AND ORDER
REGARDING DISCOVERY PROCEDURE;
No. 2:17-cv-01664-RSL

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-2741

3

(h)  Deleted computer files, whether fragmented or whole (nothing in this order authorizes the intentional deletion of ESI after the duty arose to preserve such ESI);

(i)  Data stored in random access memory ("RAM"), cache memory, or in temporary or cache files, including internet history, web browser cache and cookie files, wherever located;

(j)  Data stored on photocopiers, scanners, and fax machines;

(k)  Server, system, or network logs;

(l)  Electronic data temporarily stored by scientific equipment or attached devices, provided that the data that is ordinarily preserved as part of a laboratory report is, in fact, preserved in its ordinary location and form; and

(m)  Data stored on legacy systems that were no longer in use three years before the complaint was filed.

3.  Nothing in this Stipulation and Order prevents any Party from asserting, in accordance with the Federal Rules of Civil Procedure, that other categories of ESI are not reasonably accessible.

4.  The Parties need not preserve, for this litigation, the categories of ESI listed in paragraph 2 unless, on the date that this stipulation and order is entered by the Court, either Party has a Policy that results in the routine preservation of such ESI, in which case such Party shall continue to preserve such ESI in accordance with its Policy.

5.  <u>No Discovery of Material Not Required To Be Preserved</u>. The Parties shall not seek discovery of items that need not be preserved pursuant to paragraphs 2-4 above. If any discovery request is susceptible of a construction that calls for the production of items that need

STIPULATION AND ORDER
REGARDING DISCOVERY PROCEDURE;
No. 2:17-cv-01664-RSL

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-2741

4

not be preserved pursuant to paragraphs 2-4, such items need not be searched for, produced, or identified on a privilege log pursuant to Fed. R. Civ. P. 26(b)(5).

6. <u>Use of Documents During Litigation</u>. Notwithstanding any other provision of this Order, the Parties may take any of the following actions with respect to documents and ESI without breaching their duty to preserve documents and ESI:

(a) The Parties may continue to work, in the ordinary course of business, on documents that do not meet the definition of Draft in paragraph 1. However, the Parties shall preserve Draft documents for discovery.

(b) The Parties may move unfiled documents or ESI into files or folders that adhere to an organizational scheme that was created before the complaint was filed in this matter. Nothing in this paragraph prevents the Parties from implementing an organizational scheme that applies only to documents or ESI created after the complaint was filed in this matter.

(c) The Parties may delete, overwrite, or wipe ESI from devices that are being replaced, upgraded, reimaged, disposed of, or returned at the end of lease, provided that the potentially relevant ESI is first copied to a new location in a manner that preserves the data, including metadata, that must be produced pursuant to Section VI of this Order.

(d) The Parties may move data from one device to another, or from one location to another, provided that a copy of the ESI remains accessible in the first location or the new copy is created in a manner that preserves the data, including metadata, that must be produced pursuant to Section VI of this Order.

(e) The Parties may load loose ESI into a enterprise content management system, provided that: (1) the enterprise content management system captures all of the metadata

STIPULATION AND ORDER
REGARDING DISCOVERY PROCEDURE;
No. 2:17-cv-01664-RSL

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-2741

5

fields that must be produced under this order and does not convert the format of the ESI in a way that makes it significantly less accessible; or (2) the Parties maintain a copy of the ESI in its native format and make their production from this native file collection.

  (f) The Parties may upgrade, patch, reprogram, or customize software that stores relevant data, even if such actions alter the way data is maintained, stored, or viewed.

  (g) The Parties may take any of the following actions with respect to data in a database provided that it is part of the routine use of the database: input additional data; access data; update the software running the database; append new data; and modify existing data.

  (h) The Parties may edit or take down any data on a publicly accessible internet site.

  (i) The Parties may add data to an intranet or private website. The Parties may edit or take down any data on an intranet or private website, provided that a copy of the data is made before the change and is preserved for discovery.

  (j) The Parties may compress, decompress, encrypt, or decrypt data subject to preservation in this matter provided that any data losses during such processes do not result in loss of the metadata required to be produced under this Order or significantly degrade the quality of the data.

  (k) The Parties may update social media sites, but may not take affirmative steps to delete relevant data posted before the filing of the Complaint.

  7. <u>Preservation Required for Certain Subject Matters</u>. The Parties agree to preserve, for the purpose of this litigation, documents and ESI relating to the following subject matters and not exempted from preservation requirements pursuant to the preceding paragraphs of this Part II:

STIPULATION AND ORDER           U.S. Dept. of Justice/ENRD
REGARDING DISCOVERY PROCEDURE;      P.O. Box 7611
No. 2:17-cv-01664-RSL            Washington, D.C. 20044
                         (202) 514-2741

6

(a) EPA's actions and proposed actions concerning Washington's Deschutes River, Percival Creek, and Budd Inlet Tributaries Temperature, Fecal Coliform Bacteria, Dissolved Oxygen, pH, and Fine Sediment Total Maximum Daily Load ("Deschutes River TMDL").

(b) Documentation or estimates of resources the Agency has expended and/or is anticipating expending related to the Deschutes River TMDL.

(c) Documentation or estimates of time the Agency has expended and/or is anticipating expending related to the Deschutes River TMDL.

(d) Records of meetings, correspondences, emails, or communications concerning the Deschutes River TMDL.

(e) Memoranda, notes, other writings, or recordings concerning the Deschutes River TMDL.

8. <u>Preservation Does Not Affect Discoverability or Claims of Privilege</u>. By preserving documents or ESI for the purpose of this litigation, the Parties are not conceding that such material is discoverable, nor are they waiving any claim of privilege.

9. <u>Other Preservation Obligations Not Affected</u>. Nothing in this agreement affects any obligations of the Parties to preserve documents or information for purposes other than this litigation, such as pursuant to court order, administrative order, statute, or in response to other anticipated litigation.

STIPULATION AND ORDER
REGARDING DISCOVERY PROCEDURE;
No. 2:17-cv-01664-RSL

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-2741

7

## III. COLLECTION

10. <u>Filtering.</u>

    (a) The Parties may de-NIST electronic files, removing known, traceable software applications in the National Software Reference Library ("NIST List"), available at http://www.nsrl.nist.gov/Downloads.htm.

    (b) If a Producing Party proposes to apply other filters to limit ESI that is collected for processing and review (e.g., that identify system files, non-user generated files, or zero-byte files), the Producing Party shall provide information to the other Parties regarding the filters, how they work, and what impact they will have on the collections or productions. The Parties shall meet and confer regarding such additional filters. The Parties may agree upon additional filters in writing without further action from the Court. If the Parties cannot agree, the Party seeking to apply the filter may file a motion for a protective order.

11. <u>Deduplication.</u>

    (a) *Deduplication of e-mail.* The Parties may deduplicate email by:

        (1) comparing the MessageID or UNID metadata fields; or

        (2) calculating and comparing the MD5 or SHA-1 hash value based on the following files: to, from, cc, bcc, subject, body, and attachment names.

    (b) The Parties hereby stipulate and agree that in this matter there is a rebuttable presumption of evidence that an e-mail correctly addressed to a recipient was actually delivered to that recipient's e-mail inbox.

    (c) *Deduplication of ESI other than e-mail.* The Parties shall identify, based on MD5 or SHA-1 hash values, exact duplicates of electronic files other than e-mails that are larger

STIPULATION AND ORDER
REGARDING DISCOVERY PROCEDURE;
No. 2:17-cv-01664-RSL

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-2741

8

than zero bytes and smaller than two gigabytes. The Parties shall, to the extent practicable, produce only one copy for each custodian that has possession or custody of the file.

12. Search Technology.

(a) Image files, image-only PDFs, and audio or video files must be reviewed without culling by search terms or other technologies that rely primarily on text.

(b) If a Party intends to use search terms, it shall include in its response to a request for production a table describing: (i) the collections of ESI for which it proposes to use search terms; (ii) the search terms that it proposes to use for each collection; and the computer software or technologies it proposes to use to carry out the search in each collection. If the requesting Party wishes to obtain more information about the proposed search or objects to some or all of the proposed search protocol, it must notify the producing Party within 30 days.

(c) Nothing in this paragraph obligates any Party to agree to perform an electronic search or to accept the results of an electronic search as a sufficient response to a discovery request.

13. Third-Party Data. The Parties shall meet and confer before serving any subpoenas in this matter on commercial e-mail providers, such as Google™ or Yahoo™, or any social media companies such as Facebook™ or Twitter™.

14. Privileged Materials Located in the Offices of Counsel. The Parties agree that, in response to general discovery requests, the Parties need not search for and produce, nor create a privilege log for, any privileged or work product material that is located in the offices of the U.S. Department of Justice, offices of EPA attorneys, or offices at Bricklin & Newman. The Parties need not search collections of documents and ESI gathered solely for litigation in another matter.

STIPULATION AND ORDER
REGARDING DISCOVERY PROCEDURE;
No. 2:17-cv-01664-RSL

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-2741

## IV. PROCESSING

15. The Parties shall use reasonable efforts to process ESI for production in accordance with Section VI of this Stipulation and Order. If a party identifies ESI that may be responsive but that cannot be processed with reasonable effort, e.g., corrupt files or password-protected files for which the password is not known, it shall promptly identify such ESI to the requesting Party in a table that includes the following information: custodian name, filename, and file path.

16. The Parties shall extract and process embedded files as though they were separate files.

## V. REVIEW

**A. Technology Assisted Review.**

17. As of the date of this Stipulation, neither Party intends to use Technology Assisted Review, such as predictive coding. If any Party wishes to use Technology Assisted Review, it shall notify the other Parties and provide to them a proposed TAR protocol. The Parties shall then meet and confer in an attempt to negotiate an agreed-upon protocol. Unless otherwise ordered by the Court, the Parties shall not use TAR except in conformance with an agreed-upon protocol.

**B. <u>502(d) Order.</u>**

18. This Order invokes Rules 16(b) and 26(c) of the Federal Rules of Civil Procedure, as well as the protections afforded by Rule 502(d) of the Federal Rules of Evidence. Accordingly, the provisions in Rule 502(b) do not apply to the disclosure of communications or information in discovery in this matter.

STIPULATION AND ORDER
REGARDING DISCOVERY PROCEDURE;
No. 2:17-cv-01664-RSL

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-2741

10

19. The prosecution and defense of this action will require each Party to review and to disclose large quantities of information and documents, including electronically stored information, through the discovery process. As a result, page-by-page preproduction privilege review would likely impose an undue burden on the Parties' resources.

20. Each party is entitled to decide the appropriate degree of care to exercise in reviewing materials for privilege, taking into account the volume and sensitivity of the materials, the demands of the litigation, and the resources that the party can make available. Irrespective of the care that is actually exercised in reviewing materials for privilege, the Court hereby orders pursuant to Rule 502(d) of the Federal Rules of Evidence that disclosure of privileged or protected information or documents in connection with this litigation will not constitute or be deemed a waiver or forfeiture—in this or any other federal or state proceeding—of any claims of attorney-client privilege or work product protection that the disclosing Party would otherwise be entitled to assert with respect to the information or documents and their subject matter.

21. The Court further orders that because expedited or truncated privilege review is likely necessary for the just, speedy, and inexpensive resolution of this matter, the disclosure of privileged or protected information or documents in discovery conducted in this litigation will be deemed unintentional, inadvertent, and compelled by order of this Court. Such disclosure will not constitute a waiver of the disclosing party's right to claim any privilege or protection, including without limitation the deliberative process privilege, that would have applied to the information or documents or their subject matter but for the disclosure, provided only that the party disclaiming waiver employed procedures reasonably designed to screen out privileged materials.

STIPULATION AND ORDER
REGARDING DISCOVERY PROCEDURE;
No. 2:17-cv-01664-RSL

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-2741

11

22. Regardless of whether the procedures to screen out privileged materials were reasonable, the Parties shall not argue, in this forum or any other, that any privileges were waived as a result of disclosures in this litigation.

23. If a Party determines that it has produced a document upon which it wishes to make a claim of privilege, the producing Party shall, within 14 days of making such determination, give all counsel of record notice of the claim of privilege. The notice must identify each such document and the date it was produced. If the producing Party claims that only a portion of a document is privileged, the producing Party shall provide, along with the notice of the claim of privilege, a new copy of the document with the allegedly privileged portions redacted. Any party that complies with this paragraph will be deemed to have taken reasonable steps to rectify disclosures of privileged or protected information or materials.

24. If a Party identifies a document that appears on its face or in light of facts known to the Party to be subject to another Party's claim of privilege, the Party identifying the potential claim of privilege is under a good-faith obligation to notify the Party holding the potential claim of privilege. Such notification will not waive the identifying Party's ability to subsequently challenge any assertion of privilege with respect to the identified document. If the Party holding the potential claim of privilege wishes to assert a claim of privilege, it shall provide notice in accordance with Paragraph 23 above within five business days of receiving notice from the identifying Party.

25. Upon receiving notice of a claim of privilege on a produced document, the receiving Party shall, in accordance with Fed. R. Civ. P. 26(b)(5)(B), promptly sequester the specified information and any copies it has and shall not use or disclose the information, except

STIPULATION AND ORDER
REGARDING DISCOVERY PROCEDURE;
No. 2:17-cv-01664-RSL

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-2741

12

as provided by Fed. R. Civ. P. 26(b)(5)(B), until the claim is resolved. Copies of privileged documents or information that have been stored on electronic media that is not reasonably accessible, such disaster recovery backup media, are adequately sequestered as long as they are not restored; if such data is restored, the receiving Party shall take steps to re-sequester the restored information. If the receiving Party disclosed the information before being notified, it shall take reasonable steps to prevent further use of such information until the claim is resolved.

26. Notwithstanding the duties under Rule 26(b)(5)(B), absent an order expressly stating otherwise, a party may make derivative use of, and may pursue leads suggested by, any inadvertently produced privileged information known to the party before duty arose to return, sequester, or destroy the privileged information. The receipt of inadvertently disclosed privileged information shall not be the basis for disqualifying counsel from this action absent a showing of bad faith in receiving the information.

27. If a Party wishes to dispute a claim of privilege asserted under this Order, such Party shall, meet and confer with the disclosing Party within 14 days, before moving the Court for an order compelling disclosure of the information. The Party shall follow the procedures described in Fed. R. Civ. P. 26(b)(5)(B) and shall not assert, as a ground for compelling disclosure, the fact or circumstances of the disclosure. Pending resolution of the motion, the Parties shall not use the challenged information for any other purpose and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion.

28. The Parties may stipulate to extend the time periods specified in Paragraphs 23, 24, or 27 above.

STIPULATION AND ORDER
REGARDING DISCOVERY PROCEDURE;
No. 2:17-cv-01664-RSL

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-2741

29. Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the disclosing party that such materials have been produced.

30. The Party wishing to assert a claim of privilege retains the burden, upon challenge pursuant to Paragraph 27, of establishing the applicability of the claimed privilege by a preponderance of the evidence.

31. This Order does not preclude a Party from voluntarily waiving any claims of privilege. The provisions of Rule 502(a) of the Federal Rules of Evidence apply when a Party uses privileged information to support a claim or defense.

**C.    Privilege Log**

32. <u>Embedded e-mails</u>. An e-mail may be treated as a single document regardless of the number of embedded emails contained within the message body. The privilege log for an e-mail withheld under a claim of privilege, to the extent any is required, may identify the author, recipient(s), subject, dates and times based on the metadata from the top-level message, and is not required to include metadata from any e-mail embedded in the message body. However, if an e-mail contains both privileged and non-privileged communications, the non-privileged communications must be produced. This requirement may be satisfied by producing the original of the embedded, non-privileged e-mail, but if the original is not available, it may be satisfied by producing a redacted version of the privileged e-mail.

33. The obligation to provide a log of privileged or work product materials pursuant to Rule 26(b)(5)(A) presumptively does not apply to:

(a)    Communications exclusively between a party and its trial counsel;

STIPULATION AND ORDER
REGARDING DISCOVERY PROCEDURE;
No. 2:17-cv-01664-RSL

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-2741

14

Work product created by trial counsel, or by an agent of trial counsel other than a party or an employee of a party; or

(b) Internal communications within (a) a law firm, (b) a legal assistance organization, (c) a governmental law office, or (d) a legal department of a corporation or another organization.

34. <u>Deliberative Process Privilege Claims.</u> The Parties agree that the United States' assertion of deliberative process privilege may be made by first identifying documents withheld as deliberative process privileged on the privilege log and, second, providing a declaration supporting that assertion within 45 days after service of the privilege log.

## VI. PRODUCTION

35. <u>Procedures for Production</u>: The following procedures apply to producing documents or ESI. Solely for the purpose of this case, production in compliance with these procedures shall be deemed to constitute production of documents or ESI "as they are kept in the usual course of business," "in a form or forms in which [they are] ordinarily maintained" and "in a reasonably usable form or forms" for purposes of Federal Rule of Civil Procedure 34(b)(2)(E) for this matter. The burden of deriving or ascertaining the answer to interrogatories from such productions will be deemed to be substantially the same for either Party for the purposes of Federal Rule of Civil Procedure 33.

(a) Except as stated otherwise below, ESI being produced by a Party shall be converted to searchable PDF. Each page must be branded with a unique Bates number, which must not be an overlay of the image. Unless otherwise agreed by the Parties, the searchable PDFs must be produced on optical media or USB hard drive.

STIPULATION AND ORDER
REGARDING DISCOVERY PROCEDURE;
No. 2:17-cv-01664-RSL

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-2741

15

(b) Paper documents:

(1) Documents printed on paper that is larger than 11 x 17 inches may, at the Producing Party's discretion, be produced on paper. Documents produced on paper must be produced as they are kept in the ordinary course of business or must be organized and labeled to correspond to the categories in the request.

(2) Documents printed on paper that is 11 x 17 inches or smaller must be scanned and produced on CD-ROM, DVD-ROM, or external hard drive.

(c) For Word, Word Perfect, and PDF files that contain comments or tracked changes that are not part of the ordinary text, to the extent practicable, the searchable PDF must be generated to show track changes. The receiving party has the option, after reviewing the produced searchable PDF, to request the native file.

(d) Microsoft PowerPoint files must be processed and produced as full color, half page, JPEG images with one slide per page. Any presenter notes must appear below each slide.

(e) E-mail attachments must be processed as though they were separate documents.

(f) Microsoft Excel files and other spreadsheets must be produced in native file format in a separate folder on the production media. The Parties must provide a placeholder searchable PDF that shows the name of the native file and has a Bates number.

(g) Digital photographs must be produced as full color image files at their original resolution with Bates numbers branded onto them;

STIPULATION AND ORDER
REGARDING DISCOVERY PROCEDURE;
No. 2:17-cv-01664-RSL

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-2741

16

(h) Before any Party produces any other kinds of electronic data, including data from databases, CAD drawings, GIS data, videos, etc., the Parties shall meet and confer to determine a reasonably useable form for the production.

36. The receiving party has the option, after reviewing a black-and-white PDF, to enquire whether the original document contained color and, if so, to request a color image.

37. Except as stated above, a Party need not produce the same electronically stored information in more than one form.

## VII. EXPERT DISCOVERY

38. Each Party shall not pursue through discovery, trial subpoena or otherwise:

(a) Notes taken by a witness required to provide a report under Fed. R. Civ. P. 26(a)(2)(B);

(b) Communications between a witness required to provide a report under Fed. R. Civ. P. 26(a)(2)(B) and a Party's representative—including, but not limited to, another witness required to provide a report under Fed. R. Civ. P. 26(a)(2)(B)—regardless of the form of the communications, except to the extent that the communications:

(1) Relate to compensation for an expert's study or testimony;

(2) Identify facts or data that a Party provided and that the expert considered in forming the opinions to be expressed; or

(3) Identify assumptions that a Party provided and that the expert relied upon in forming the opinions to be expressed.

STIPULATION AND ORDER
REGARDING DISCOVERY PROCEDURE;
No. 2:17-cv-01664-RSL

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-2741

17

(c) The Parties shall bear the costs of their own testifying experts in responding to discovery, and shall not require the Party seeking discovery to pay the other Party's testifying expert any fee for the time spent in responding to discovery.

### VIII. MISCELLANEOUS PROVISIONS

39. Before filing any motion with the Court regarding electronic discovery or evidence, the Parties shall meet and confer in a good faith attempt to resolve such disputes.

40. Costs of Document Production. Unless this Court orders otherwise for good cause shown, each Party shall bear the costs of collecting, processing, reviewing, and producing its own documents.

41. Effect of Order. The Parties' agreement to this Order is without prejudice to the right of any Party to seek an order from the Court to rescind or amend this Order for good cause shown. Nothing in this Order abridges the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any discovery ruling made by the Court in this matter.

SO STIPULATED.

DATED this 9th day of March 2018.

BRICKLIN & NEWMAN, LLP

By: */s/ Bryan Telegin*
Bryan Telegin, WSBA No. 46686
1424 Fourth Avenue, Suite 500
Seattle, WA 98101
Telephone: (206) 264-8600
Fax: (206) 264-9300
E-mail: telegin@bnd-law.com

STIPULATION AND ORDER
REGARDING DISCOVERY PROCEDURE;
No. 2:17-cv-01664-RSL

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-2741

EARTHRISE LAW CENTER

By:     */s/ Lia Comerford*
         Lia Comerford, *pro hac vice*
         Lewis & Clark Law School
         10015 S.W. Terwilliger Blvd.
         Portland, OR 97219
         Telephone: (503) 768-6823
         Fax: (503) 768-6642
         E-mail:comerfordl@lclark.edu

*Counsel for Plaintiff Northwest Environmental Advocates*

SO STIPULATED.

DATED this 9th day of March 2018.

JEFFREY H. WOOD
Acting Assistant Attorney General

By:     */s/ Sonya J. Shea*
         SONYA J. SHEA
         U.S. Department of Justice
         Environment & Natural Resources Division
         Environmental Defense Section
         P.O. Box 7611
         Washington, D.C. 20044
         (202) 514-2741 (tel)
         (202) 514-8865 (fax)
         Email: sonya.shea@usdoj.gov

ANNETTE L. HAYES
United States Attorney

BRIAN C. KIPNIS
Assistant United States Attorney
Senior Litigation Counsel
Office of the United States Attorney for the

STIPULATION AND ORDER                 U.S. Dept. of Justice/ENRD
REGARDING DISCOVERY PROCEDURE;       P.O. Box 7611
No. 2:17-cv-01664-RSL                          Washington, D.C. 20044
                                                              (202) 514-2741

19

Western District of Washington
5220 United States Courthouse
700 Stewart Street
Seattle, WA 98101-1271

*Counsel for Defendant U.S. Environmental Protection Agency*

## ORDER

IT IS SO ORDERED.

DATED: This 20th day of March, 2018.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

STIPULATION AND ORDER
REGARDING DISCOVERY PROCEDURE;
No. 2:17-cv-01664-RSL

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-2741

20