1
2
3
4
5
6
7
8
9
10
11
12
13
14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                    )
NORTHWEST ENVIRONMENTAL          )
ADVOCATES,                                     )
                                                    )          Case No. C17-1664RSL
                              Plaintiff,        )
          v.                                       )          ORDER DENYING DEFENDANT'S
                                                    )          MOTION TO STAY PROCEEDINGS
UNITED STATES ENVIRONMENTAL   )
PROTECTION AGENCY,                     )
                                                    )
                              Defendant.     )
_____)

15       This matter comes before the Court on the U.S. Environmental Protection Agency's

16  "Motion to Stay Proceedings." Dkt. # 14. Plaintiff filed this action to force the EPA to approve

17  or disapprove the Total Maximum Daily Loads ("TMDLs") proposed by the Washington State

18  Department of Ecology for 73 segments of the Deschutes River Basin. The parties agree (a) that

19  the EPA had a statutory duty to review the TMDL submission and issue its decision within 30

20  days of December 17, 2015, and (b) that it failed to do so. The EPA now anticipates completing

21  its review by June 29, 2018, and asks the Court to stay this litigation until then. Plaintiff opposes

22  the motion.

23       As part of its inherent power to "control the disposition of the causes on its docket with

24  economy of time and effort for itself, for counsel, and for litigants," this Court has the power to

25  stay litigation pending resolution of a related proceeding. Landis v. N. Am. Co., 299 U.S. 248,

26

254 (1936). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." Leyva v. Certified Grocers of Calif., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979). A stay will not be ordered, however, unless the moving party shows that it will provide some advantage in terms of efficiency or fairness. See Clinton v. Jones, 520 U.S. 681, 708 (1997) ("The proponent of a stay bears the burden of establishing its need.").

The EPA has not made the necessary showing. Plaintiff filed this action in November 2017 to compel the EPA to carry out its statutory duty. Despite having had over two years to complete its review and facing the looming threat of injunctive relief, the agency has still not issued a decision. Instead, the EPA offers a detailed but unenforceable time line: the time frames "represent EPA's informed judgment at this time about its projected schedule," but they are "necessarily subject to some variability." Dkt. # 14-2 at 12. The EPA has not committed to providing the relief plaintiff requested by a date certain. It has not negotiated a consent decree or provided any sort of enforceable assurance that it will do what it says it will do. A stay based on nothing more than a statement that the EPA will try to finalize the TMDL document by the end of June leaves plaintiff in no better position than when it first filed this lawsuit and, if the deadline is not met, simply delays the litigation. On the other hand, the benefits the EPA hopes to obtain from a stay, namely, the ability to focus on completing its review of the TMDLs without the distraction of on-going litigation, is available through other mechanisms which pose less risk to plaintiff's interests. Given that the EPA has all but acknowledged that it violated the Clean Water Act and needs to approve or disapprove the TMDLs in the near future, a negotiated consent decree or stipulated entry of judgment would provide plaintiff some assurance of timely agency action or, at the very least, an enforcement mechanism if the agency again fails to meet its deadline.

1        For all of the foregoing reasons, the EPA's motion for a stay of these proceedings is

2    DENIED.

3

4        Dated this 4th day of May, 2018.

5

6                                              Robert S. Lasnik

7                                              United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER DENYING DEFENDANT'S
MOTION TO STAY PROCEEDINGS              -3-